IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:20CR500-1 |
| | : | |
| EDWARD LAMONT GLOVER | : | |

GOVERNMENT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA

NOW COMES the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and respectfully requests that the Court deny the defendant's motion to withdraw his guilty plea because he has not presented a "fair and just reason" to withdraw his plea of guilty under Federal Rule of Criminal Procedure 11(d)(2)(B), as follows:

On June 17, 2021, defendant filed a supplemental memorandum to his motion and brief requesting to withdraw his guilty plea. (Docket Entry #33). In defendant's memorandum, he concedes that the Supreme Court's decision in Greer v. United States, -- S. Ct. -- , 2021 WL 2405146 (June 14, 2021) nullifies his objections to an alleged Rehaif error in his indictment.

However, defendant still wishes to withdraw his guilty plea but has not provided a fair and just reason to withdraw his plea as required by Fed. R. Crim. P. 11 or controlling Fourth Circuit precedent set forth in United States v. Moore, 931 F.2d 246, (4th Cir. 1991) and its progeny. In deciding whether to grant a defendant's motion to withdraw a guilty plea, the "factors relevant to this determination are (1) whether the defendant had close assistance of competent counsel; (2) whether he credibly asserts his innocence; (3) the extent of delay between guilty plea and motion to withdraw it; and (4) whether withdrawal at the time attempted would prejudice the government or waste judicial resources." United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993) (citing Moore). The government addressed the Moore factors in its original response. (DE #29). Defendant's counsel was competent. Defendant has not asserted his innocence; in fact, he states in his supplemental memorandum that he "has never denied responsibility or claimed actual innocence." (DE #33). Defendant wishes to withdraw his guilty plea so that he may file a motion to suppress. However, "suppression of evidence does not amount to legal innocence." United States v. Wintons, 468 F. App'x 231, 233 (4th Cir. 2012) (unpublished). Defendant waited almost three months after entering his guilty plea to file his motion to withdraw. His Rule 11 colloquy was sound and his decision to plead guilty was both knowing and voluntary. Defendant has not shown a fair and just reason to withdraw his plea.

For all the reasons set forth above and in its previous filing, the government respectfully submits that the defendant's motion to withdraw his guilty plea be denied.

This the 21st day of June, 2021.

Respectfully submitted,

SANDRA J. HAIRSTON
Acting United States Attorney


/S/ VERONICA L. EDMISTEN
Assistant United States Attorney
NCSB #31500
United States Attorney's Office
Middle District of North Carolina
101 S. Edgeworth St., 4th Floor
Greensboro, NC  27401
Phone:  336/333-5351

CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Peter D. Zellmer, Esq.

Respectfully submitted,

SANDRA J. HAIRSTON
Acting United States Attorney


/S/ VERONICA L. EDMISTEN
Assistant United States Attorney
NCSB #31500
United States Attorney's Office
Middle District of North Carolina
101 S. Edgeworth St., 4th Floor
Greensboro, NC  27401
Phone:  336/333-5351