IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EDWARD LAMONT GLOVER, | : | |
| Petitioner, | : | |
| | : | 1:20CR500-1 |
| v. | : | 1:23CV1060 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

### GOVERNMENT'S RESPONSE TO PETITIONER'S
### MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

NOW COMES the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and requests that the Court deny the motion of Petitioner, Edward Lamont Glover (hereinafter "Petitioner"), under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

## Summary

Petitioner pled guilty to violating 18 U.S.C. §§ 922(g)(1) and 924(e), felon in possession of a firearm, and was sentenced to 180 months in prison. ECF Nos. 19, 20, 39, 45; Minute Entries 2/5/21, 6/8/21. Following his direct appeal, the Fourth Circuit held that the district court did not err, plainly or otherwise, in finding Petitioner to be an Armed Career Criminal under 18 U.S.C. § 924(e), based on his three North Carolina common law robbery convictions. *United*

*States v. Glover*, No. 21-4381 (4th Cir. Aug. 5, 2022) (unpub.) – ECF No. 50. Now, relying upon *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), Petitioner asserts that 18 U.S.C. §§ 922(g)(1) and 924(e) are facially unconstitutional and as applied under the Second Amendment.

His claim is procedurally defaulted. Further, as his Second Amendment claim is without merit, his motion should be denied.

## Prior Proceedings

On November 30, 2020, Petitioner was charged with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) and being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). ECF No. 1. Pursuant to a written plea agreement, he pled guilty to the §§ 922(g)(1) and 924(e) count on February 5, 2021. ECF Nos. 19, 20; Minute entry 2/5/21. In a judgment issued on July 22, 2021, he was sentenced to 180 months in prison, and the remaining counts were dismissed. ECF No. 39; *see also* ECF 45 (Sent. Tr.).

Petitioner appealed, and the Fourth Circuit affirmed on August 5, 2022. ECF Nos. 41, 50. His petition for rehearing en banc was denied September 7, 2022. ECF No. 53. On December 5, 2023, Petitioner filed the instant motion

pursuant to 28 U.S.C. § 2255. ECF No. 55. The government was ordered to respond. ECF Nos. 56, 59.

## Discussion

Collateral attacks brought under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 184-86 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Timmreck*, 441 U.S. 780 (1979). The Fourth Circuit pointed out in *Taylor v. United States*, 177 F.2d 194, 195 (4th Cir. 1949):

> Prisoners adjudged guilty of crimes should understand that 28 U.S.C.A. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised on timely appeal from the sentence if the petitioner desires to raise them. Only where the sentence is void or otherwise subject to collateral attack, may the attack be made by motion under 28 U.S.C.A. § 2255 which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been in its absence by habeas corpus.

A motion for relief pursuant to 28 U.S.C. § 2255 must normally be brought within one year of the date that the petitioner's judgment became final. Here, Petitioner has done so. ECF Nos. 53, 55; *see Clay v. United States*, 537 U.S. 522 (2003); Sup. Ct. R. 13.1, 13.3. Thus, his motion is properly before the Court. 28 U.S.C. § 2255(f)(1).

3

Citing *Bruen*, Petitioner asserts that § 922(g)(1) is facially and as applied to him, in violation of his Second Amendment right to bear arms. Motion at 4, 13. Petitioner further relies upon three non-precedential out-of-circuit cases in support of his argument. Motion at 13 ("Memorandum"), citing *United States v. Griffin*, __ F. Supp. __, 2023 WL 8281564 (N.D. Ill. Nov. 30, 2023) (on Second Amendment grounds, dismissing indictment under § 922(g) brought against convicted felon), *appeal filed* (No. 23-3330) (Dec. 7. 2023); *United States v. Prince,* __ F. Supp. __, 2023 WL 7220127 (N.D. Ill. Nov. 2, 2023) (same); *Williams v. Garland*, 2023 WL 7646490 (E.D. Pa. Nov. 14, 2023) (dismissing indictment under § 922(g) on Second Amendment grounds), *appeal filed* (No. 24-1091) (Jan. 17, 2023).

However, *Bruen* did not call into question the Fourth Circuit's prior decisions[1] upholding the constitutionality of § 922(g)(1). In fact, the concurring justices in *Bruen* reiterated the lawfulness of felon-in-possession statutes. *Bruen*, 142 S. Ct. at 2157 (Alito. J., concurring); *Id.* at 2162 (Kavanaugh, J.,

---

[1] *See Hamilton v. Pallozzi*, 848 F.3d 614, 626 (4th Cir. 2017) ("conviction of a felony necessarily removes one from the class of 'law-abiding, responsible citizens' for the purposes of the Second Amendment"); *United States v. Moore*, 666 F.3d 313, 319-20 (4th Cir. 2012); *United States v. Smoot*, 690 F.3d 215, 221-22 (4th Cir. 2012); and *United States v. Pruess*, 703 F.3d 242, 245-47 (4th Cir. 2012).

4

concurring). Because *Bruen* does not overrule Fourth Circuit precedent, this precedent remains binding.[2]

Further, Petitioner's claim is procedurally defaulted. He did not raise the issue on direct appeal, and therefore he cannot bring the issue now. *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999); *see also United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). Petitioner Glover appeared for sentencing June 28, 2021. ECF No. 45 – Sent. Tr.; Minute entry 6/28/2021. He filed his Fourth Circuit appellate brief February 2, 2022. *United States v. Glover*, No. 21-4381, ECF No. 39 (Defendant's Brief, filed 2/2/2022). By then, it had been three months since the Supreme Court had heard oral argument in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), on November 3, 2021.

To overcome procedural default, Petitioner bears the burden of showing either: (1) "cause" for the default *and* "actual prejudice" from the asserted error, or (2) that he is actually innocent. *United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Petitioner fails to demonstrate cause for his default except to the extent that

---

[2] The Seventh Circuit, where the petitioner-cited *Griffin* and *Prince* cases arose, has no binding precedent as to whether the Second Amendment protects the possession of a firearm by felons. *United States v. Atkinson*, 70 F.4th 1018, 1023 (7th Cir. 2023).

5

he refers to the *Bruen* decision, decided while his case was pending appeal, and its progeny, decided after his appeal was denied. *See* Motion at 13. To the extent Petitioner seeks to establish "cause" because raising such a Second Amendment challenge would have been futile, this argument is unavailing. The Supreme Court has stated that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623 (quotation marks omitted). And, to the extent Petitioner would argue that a change in the law post-*Bruen* excuses his failure to raise the issue at the district court and direct appeal stage, "the state of the law must have been such that the legal basis for the claim was not reasonably available when the matter should have been raised." *Mikalajunas*, 186 F.3d at 493; *see also Hargrave v. Dugger*, 832 F.2d 1528, 1531 (11th Cir. 1987) (to demonstrate "cause" sufficient to overcome procedural default, a "new retroactive decision" must also announce a rule that was a "'clear break with the past'" such that "an attorney representing the defendant would not reasonably have had the tools for presenting the claim.") (quoting *Reed v. Ross*, 468 U.S. 1, 17 (1984)).

Thus, defendants cannot demonstrate "cause" for their failure to challenge federal firearm statutes under the Second Amendment before *Bruen*. While the Fourth Circuit analyzed (and upheld) the constitutionality of federal

6

firearms laws after *Heller*[3], *see, e.g.*, *United States v. Carter*, 750 F.3d 462, 466-467 (4th Cir. 2014) (applying means-end scrutiny), grounds still existed to argue that the correct Second Amendment framework was based on history and tradition. *See, e.g.*, *Nat'l Rifle Ass'n, Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 714 F.3d 334, 338 (5th Cir. 2013) (Jones, J., dissenting) (opining that "the fundamental right to keep and bear arms is not itself subject to interest balancing"); *Heller v. Dist. of Columbia*, 670 F.3d 1244, 1271 (D.C. Cir. 2011) (Kavanaugh, J., dissenting) ("In my view, *Heller* and *McDonald* leave little doubt that courts are to assess gun bans and regulations based on text, history, and tradition, not by a balancing test such as strict or intermediate scrutiny.").

Nor can Petitioner show actual prejudice due to existing Fourth Circuit precedent. *See United States v. Frady*, 456 U.S. 152, 166 (1982) (finding it unnecessary to determine whether the petitioner had shown cause for the procedural default since "he suffered no actual prejudice of a degree sufficient to justify collateral relief"). He does not appear to assert actual innocence, nor can he. He possessed two firearms following his three prior convictions for

---

[3] *District of Columbia v. Heller*, 554 U.S. 570 (2008).

7

North Carolina common law robbery. ECF No. 13 – Factual Basis; ECF No. 50 – Opinion (affirming district court's determination that Glover was an Armed Career Criminal).

Nonetheless, to the extent that Petitioner would contend he is "actually innocent" of the instant offense because it is unconstitutional post-*Bruen*, that attempt fails. *Bruen* clarified the framework for analyzing Second Amendment claims: it does not clearly demonstrate the unconstitutionality of federal firearms laws so that a prisoner can satisfy the demanding actual innocence standard. This is borne out by the great weight of authority, post-*Bruen*, which upholds the constitutionality of § 922(g). *See United States v. Fowler*, No. 1:23-CR-165, 2024 WL 197601, at *6 (E.D. Va. Jan. 18, 2024) (citing Government argument that over 300 district courts had upheld the constitutionality of § 922(g)(1) in contrast to the defendant's reliance upon three district court cases, neither persuasive nor binding, taking the contrary view).[4]

Even if the Court were to consider the issue afresh, the Second Amendment's text does not prevent disarming felons, both because felons can be excluded from the political community and because the Amendment codified

---

[4] Currently, the Fourth Circuit has under consideration a facial challenge to § 922(g). *United States v. Canada*, No. 22-4519 (argued Dec. 5, 2023).

a pre-existing right that excluded felons. *See District of Columbia v. Heller*, 554 U.S. 570 (2008); Thomas M. Cooley, *A Treatise on the Constitutional Limitations Which Rest Upon the Legislative Power of the States of the American Union* 28-29 (1st ed. 1868); Akhil Reed Amar, *The Bill of Rights* 48 (1998). Moreover, *Heller* and *Bruen* interpreted the Amendment's text as protecting the rights of "law-abiding citizens," which necessarily excludes felons. Petitioner, having been convicted of three North Carolina common law robbery felonies prior to possessing the instant firearms, is far from a "law-abiding citizen." ECF No. 13 – Factual Basis at 3-6.

Section 922(g)(1) is also consistent with the historical tradition of firearm regulation. When the Second Amendment was adopted, persons convicted of felonies were regularly subject to severe penalties, including death and forfeiture of their entire estates. Additionally, colonial and state legislatures possessed the unquestioned power to disarm citizens seen as being untrustworthy or outside the political community, such as those who refused to take loyalty oaths. Although not identical to § 922(g)(1), these statutes are similar and demonstrate that § 922(g)(1) is constitutional, particularly as applied to someone with Petitioner's ACCA-qualifying violent felony record. *See Medina v. Whitaker*, 913 F.3d 152, 158-60 (D.C. Cir. 2019).

9

Furthermore, to the extent the Court were to consider Petitioner's argument that § 922(g)(1) is unconstitutional, as applied to him, in view of his assertion that his previous convictions for North Carolina common-law robbery did not involve use of a weapon and thus were "nonviolent," (Motion at 4), this claim is barred by the Fourth Circuit's decision in *United States v. Pruess*:

> *Pruess* . . . held that § 922(g)(1) is valid as applied to non-violent offenses. After explaining that the First, Fifth, Seventh, Ninth, and Eleventh Circuits had rejected the argument that the "Second Amendment protects the right of non-violent felons to possess ammunition," 703 F.3d at 245, the Fourth Circuit "join[ed] [its] sister circuits in holding that application of the felon-in-possession prohibition to allegedly non-violent felons like Pruess does not violate the Second Amendment," *id.* at 247. Because *Pruess* remains precedential, the violent or non-violent nature of the felony at issue is immaterial—§ 922(g)(1) lawfully prohibits persons convicted of either violent or nonviolent felonies from possessing firearms.

*Fowler*, 2024 WL 197601, at *7 (quoting *Pruess*, 703 F.3d at 245, 247). Accordingly, Petitioner's as-applied challenge also fails.

## **Conclusion**

For the reasons stated, Petitioner's motion for relief under 28 U.S.C. § 2255 should be denied and dismissed.

This the 11th day of March, 2024.

        Respectfully submitted,

        SANDRA J. HAIRSTON
        United States Attorney


        /s/ ANGELA H. MILLER
        Assistant United States Attorney
        SCSB No. 11662
        United States Attorney's Office
        Middle District of North Carolina
        101 S. Edgeworth Street, 4th Floor
        Greensboro, North Carolina 27401
        Phone: (336) 333-5351

CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will notify the following CM/ECF participant:

Noell P. Tin, Esq.

Respectfully submitted,

/s/ ANGELA H. MILLER
Assistant United States Attorney
SCSB No. 11662
United States Attorney's Office
Middle District of North Carolina
101 S. Edgeworth Street, 4th Floor
Greensboro, North Carolina 27401
Phone: (336) 333-5351

12