IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO.: 1:20-CR-500-WO

UNITED STATES OF AMERICA

v.

EDWARD LAMONT GLOVER

## PETITIONER'S REPLY TO THE GOVERNMENT'S RESPONSE TO MOTION TO VACATE

NOW COMES Petitioner Edward Lamont Glover, through counsel, and submits the following reply to the Government's response. Petitioner submits that the Second Amendment's plain text covers the conduct proscribed by Section 922(g)(1), and the prosecution cannot meet its burden of establishing that this application of Section 922(g)(1) is consistent with the Nation's historical tradition of firearm regulation. Section 922(g)(1) is therefore unconstitutional on its face and as applied to Petitioner.

## BACKGROUND

Section 922(g)(1) provides:

> It shall be unlawful for any person . . . who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

1

The Second Amendment protects "the right of the people to keep and bear Arms." U.S. Const. amend. II. The Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *Dist. of Columbia v. Heller*, 554 U.S. 570, 592 (2008). The Supreme Court's decision in *Bruen* set out "the standard for applying the Second Amendment" as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command." *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2129–30 (2022). In so holding, the Supreme Court rejected lower courts' use of means-end scrutiny in Second Amendment cases. *See id.* at 2125–27 & n.4 (abrogating *Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 700 F.3d 185 (5th Cir. 2012)). "Instead, the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127. And "when it comes to interpreting the Constitution, not all history is created equal." *Bruen*, 142 S.Ct. at 2136. Courts must "guard against giving post-enactment history more weight than it can rightly bear." *Id.*

Applying *Bruen*'s standard, the Second Amendment's plain text covers the "possess[ion]" of a firearm that Section 922(g)(1) criminalizes. 18 U.S.C. § 922(g)(1). The term "'[k]eep arms' was simply a common way of referring to possessing arms."

*Heller*, 554 U.S. at 583. Petitioner is one of "the people" under the Second Amendment's plain text. *See Heller*, 554 U.S. at 581 (noting that Second Amendment right "belongs to all Americans"); *id*. at 580 (quoting decision describing "the people" as the "class of persons who are part of a national community or who have otherwise developed sufficient connection with this country to be considered part of that community"). *Bruen* reiterates that the Second Amendment guarantees to "all Americans" the right to keep and bear arms. 142 S. Ct. at 2156 (quoting *Heller*, 554 U.S. at 581). Because the Second Amendment's plain text covers Petitioner's conduct, the Second Amendment "presumptively protects" that conduct. *Bruen*, 142 S. Ct. at 2129–30.

The prosecution cannot meet its burden of establishing that Section 922(g)(1), as applied to Petitioner, is "consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2129–30. Indeed, the Fifth Circuit has stated that "the federal felony firearm possession ban, 18 U.S.C. § 922(g)(1), 'bears little resemblance to laws in effect at the time the Second Amendment was ratified,' as it was not enacted until 1938, was not expanded to cover non-violent felonies until 1961, and was not re-focused from receipt to possession until 1968." *Nat'l Rifle Ass'n of Am.*, 700 F.3d at 196, abrogated by *Bruen*, 142 S. Ct. 2111 (quoting *United States v. Booker*, 644 F.3d 12, 23–24 (1st Cir. 2011)).

Then-Judge Barrett and other jurists have concluded that "Founding-era legislatures did not strip felons of the right to bear arms simply because of their status as felons." *Kanter v. Barr*, 919 F.3d 437, 451 (7th Cir. 2019) (Barrett, J.,

dissenting); *see, e.g., id.* at 453–64 (surveying history); *Heller v. Dist. of Columbia*, 670 F.3d 1244, 1253 (D.C. Cir. 2011) ("[S]tates did not start to enact [felony-based prohibitions on possession] until the early 20th century."); *Folajtar v. Att'y Gen. of U.S.*, 980 F.3d 897, 914 (3d Cir. 2020) (Bibas, J., dissenting) ("[T]he issue of disarming felons is open. Precedent does not settle its historical limits. Rather, we must analyze the history ourselves and ask: Were all felons, dangerous and nondangerous alike, equally excluded from the Second Amendment? No, they were not."); *United States v. McCane*, 573 F.3d 1037, 1048 (10th Cir. 2009) (Tymkovich, J., concurring) ("[M]ore recent authorities have not found evidence of longstanding dispossession laws.").

Against this backdrop, the government argues that "*Bruen* did not call into question the Fourth Circuit's prior decisions upholding the constitutionality of § 922(g)(1)."[1] But as the Government's response acknowledges, the petitioner cites a number of authorities that challenge the constitutionality 18 U.S.C. § 922(g)(1), which necessarily calls the Fourth Circuit's holding into question. The Fourth Circuit does not appear to have considered the constitutionality of Section 922(g)(1) in light of *Bruen*. As previously cited in Petitioner's motion to vacate, more than one federal district court has found the felon-in-possession statute unconstitutional, as applied post-*Bruen*. *See United States v. Bullock*, No. 3:18-CR-165, 2023 U.S. Dist. LEXIS 112397, at *74 (S.D. Miss. June 28, 2023) (§ 922(g)(1) unconstitutional as applied to defendant with prior conviction for aggravated assault and manslaughter); *United States v. Prince*, No. 22 CR 240, 2023 WL 7220127, at *11 (N.D. Ill. Nov. 2, 2023) (§

---

[1] Government's Response at 4.

4

922(g)(1) facially unconstitutional because government failed to identify historical analog that was both "comparably justified and comparably burdensome of the right to keep and bear arms"). And the United States Court of Appeals for the Third Circuit, sitting *en banc*, has ruled that Section 922(g)(1) is unconstitutional as applied as well. In that case, as here, the underlying offense was classified as a misdemeanor under state law, even though it was punishable by a maximum sentence exceeding one year. See *Range v. AG United States*, 69 F.4th 96 (3d Cir. 2023) (*en banc*). The Third Circuit found that because "the Government has not shown that our Republic has a longstanding history and tradition of depriving people like [defendant] of their firearms, § 922(g)(1) cannot constitutionally strip him of his Second Amendment rights." *Range*, 69 F.4th at 106.

The government next claims that Petitioner's claim is procedurally defaulted. It argues that Petitioner's claim is procedurally defaulted because he did not raise this claim on direct review, and it further claims that Petitioner's claim is procedurally defaulted because he cannot demonstrate cause and actual prejudice. Petitioner was sentenced on June 8, 2021. He filed his opening brief in the Fourth Circuit on February 2, 2022. *Bruen* was decided on June 23, 2022. As the Government argues, at the time of his sentencing and briefing on direct appeal, the law of the Fourth Circuit was clearly that 18 U.S.C. § 922(g)(1) was constitutional. *See, United States v. Pruess*, 703 F.3d 242 (4th Cir. 2012). Therefore, it would have been futile for Petitioner to argue contrary to the district court at sentencing or in his opening brief. This is a well-established basis to excuse procedural default. As the

5

Fourth Circuit has stated, "[T]he novelty doctrine applies as cause to excuse default of a habeas claim when "the state of the law [was] such that the legal basis for the claim was not reasonably available when the matter should have been raised." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999)." *Prible v. Lumpkin*, 43 F.4th 501 (5th Cir. 2022) ("It is well established that "a failure to raise a claim in an earlier habeas petition may not be excused for cause 'if the claim was reasonably available' at the time of the first petition.").

Last, this petition is not barred by the Fourth Circuit decision in *United States v. Pruess*, 703 F.3d 242 (4th Cir. 2012). Citing *United States v. Fowler*, 2024 WL 197601 (E.D.Va. January 18, 2024), the government claims that *Pruess* bars the instant petition. As the *Fowler* opinion acknowledges, "the Fourth Circuit has not yet opined on the constitutionality of § 922(g)(1) since the Supreme Court handed down its decision in *Bruen*." *Fowler*, 2024 WL 197601 at *7. The Fourth Circuit decisions upholding 922(g)'s constitutionality, however, were necessarily premised on the earlier Supreme Court decision in *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008), where the Supreme Court held that "nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on possession of firearms by felons," *id*. at 626-27, which the Court described as "presumptively lawful regulatory measures." *Heller*, 554 U.S. at 626-27.

The Fifth Circuit has described this language as "[d]icta in *Heller*." *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010); accord, e.g., *Tyler v. Hillsdale Cty. Sheriff's Dep't*, 837 F.3d 678, 686–87 (6th Cir. 2016) (*en banc*).

6

*Bruen* "did not attempt to bolster [the] reasoning" underlying *Heller*'s dictum. *See Dobbs*, 142 S. Ct. at 2271. Instead, *Bruen* holds that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." 142 S. Ct. at 2126 (emphasis added). Moreover, the Court holds that "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* "Only if" the government meets its burden, the Court holds, may a court uphold a regulation as constitutional. *Id. Bruen*'s holding must prevail over *Heller*'s dictum. See *Heller*, 554 U.S. at 625 n.25 ("It is inconceivable that we would rest our interpretation of the basic meaning of any guarantee of the Bill of Rights upon such a footnoted dictum in a case where the point was not at issue and was not argued."). *Bruen* now instructs that it is the government's burden to "affirmatively prove" that any regulation is "part of the historical tradition that delimits the outer bounds of the right to keep and bear arms," which the government cannot do here. *Bruen*, 142 S. Ct. at 2127.

## CONCLUSION

Under *Bruen*'s "standard for applying the Second Amendment," the Second Amendment's plain text covers Petitioner's firearm possession. The prosecution cannot meet its burden of demonstrating that this application of Section 922(g)(1) is "consistent with the Nation's historical tradition of firearm regulation." It follows that Section 922(g)(1) is unconstitutional on its face and as applied. Petitioner asks this court to grant his motion.

7

Dated: May 3, 2024

                Respectfully submitted,

                /s/ Noell P. Tin

                TIN FULTON WALKER & OWEN PLLC
                301 East Park Avenue
                Charlotte, N.C. 28203
                T: (704) 338-1220
                F: (704) 338-1312
                ntin@tinfulton.com
                *Counsel for Mr. Glover*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served the foregoing PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO VACATE with the Clerk of Court using the CM/ECF system, which will send notification of such filing to opposing counsel:

>Angela Miller
>Assistant U.S. Attorney
>angela.miller@usdoj.gov

Dated: May 3, 2024

>/s/ Noell P. Tin