UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EDWARD LAMONT GLOVER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:23CV1060 |
| | ) | 1:20CR500-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Edward Lamont Glover, a federal inmate, brings through counsel a Motion [Doc. #55] to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner was charged in an Indictment [Doc. #1] with one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), one count of possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He subsequently pled guilty to the § 922(g)(1) count and was sentenced to 180 months of imprisonment and five years of supervised release. After an unsuccessful direct appeal, Petitioner filed his Motion under 28 U.S.C. § 2255. The Government filed a Response [Doc. #62], Petitioner filed a Reply [Doc. #65] and Petitioner's Motion is now before the Court.

Claim

Petitioner's Motion raises a single claim for relief in which Petitioner argues that his conviction is unconstitutional because, following New York State Rifle & Pistol Ass'n, Inc. v.

Bruen, 597 U.S. 1 (2022), 18 U.S.C. § 922(g)(1) is unconstitutional facially and as applied to Petitioner.

Discussion

The Government argues that Petitioner's claim is procedurally defaulted because he failed to raise the claim on direct appeal. Where a petitioner fails to contest the validity of his guilty plea on direct appeal, any later collateral attack on the conviction under § 2255 is barred by the doctrine of procedural default unless the petitioner can demonstrate actual innocence or sufficient cause for and prejudice from the default. Bousley v. United States, 523 U.S. 614, 621-22 (1998); see also United States v. Harris, 183 F.3d 313, 317 (4th Cir. 1999). Petitioner responds by arguing that Bruen was not decided until after the initial briefing of his direct appeal, that his current argument was foreclosed by binding precedent until Bruen was decided, and that this excuses his procedural default. This does not address the question of whether or not Petitioner could have sought to raise the issue in supplemental briefing or, if so, whether a failure to do so constitutes procedural default. However, the Court need not address these questions because Petitioner's claim fails on the merits even if it is not defaulted.

As already set out, Petitioner's claim challenges the facial and as-applied constitutionality of § 922(g)(1). However, after the briefing in this case, the United States Court of Appeals for the Fourth Circuit considered various arguments challenging the facial constitutionality of § 922(g) and concluded that "[n]o matter which analytical path we choose, they all lead to the same destination: Section 922(g)(1) is facially constitutional because it 'has a plainly legitimate sweep' and may constitutionally be applied in at least some 'set of circumstances.'" United States v. Canada, 123 F.4th 159, 162 (4th Cir. 2024) (quoting

Washington State Grange v. Washington State Republican Party, 552 U.S. 442, 449 (2008)). "That ends this facial challenge." Id. at 162. The same is true for any facial challenge raised by Petitioner.

Petitioner's as-applied challenge fares no better, because the Fourth Circuit also recently rejected those challenges to § 922(g)(1). United States v. Hunt, 123 F.4th 697 (4th Cir. 2024). In Hunt, the court first noted that prior Fourth Circuit precedent did not allow as-applied challenges to § 922(g)(1) "'unless the [predicate] felony conviction is pardoned or the law defining the [predicate] crime of conviction is found unconstitutional or otherwise unlawful.'" Id. at 700 (quoting Hamilton v. Pallozzi, 848 F.3d 614, 626 (4th Cir. 2017)). Petitioner does not contend in the present case that he was pardoned or that the statute of conviction for his prior felony was unconstitutional or unlawful. The Fourth Circuit concluded that Bruen and related cases did not overrule that prior precedent. Id. at 704. The Fourth Circuit also held that even if the prior cases were overruled, Bruen and the related cases still did not allow for as-applied challenges to § 922(g)(1). Id. at 708. Therefore, based on Hunt, Petitioner's as-applied challenge also fails and his Motion should be denied.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #55] to vacate, set aside, or correct sentence be denied, that this action be dismissed, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 12th day of February, 2025.

_____
Joi Elizabeth Peake
United States Magistrate Judge